UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| OGLALA SIOUX TRIBE and | ) | CIV. 13-5020-JLV |
| ROSEBUD SIOUX TRIBE, as | ) | |
| *parens patriae*, to protect the rights | ) | |
| of their tribal members; and | ) | ORDER GRANTING CLASS |
| ROCHELLE WALKING EAGLE, | ) | CERTIFICATION |
| MADONNA PAPPAN, and | ) | |
| LISA YOUNG, individually and on | ) | |
| behalf of all other persons similarly | ) | |
| situated, | ) | |
| | ) | |
|       Plaintiffs, | ) | |
| | ) | |
|   vs. | ) | |
| | ) | |
| LUANN VAN HUNNIK; | ) | |
| MARK VARGO; | ) | |
| HON. JEFF DAVIS; and | ) | |
| KIM MALSAM-RYSDON, in their | ) | |
| official capacities, | ) | |
| | ) | |
|       Defendants. | ) | |

**INTRODUCTION**

Pending before the court is a motion for class certification filed by plaintiffs. (Docket 24). Plaintiffs seek to certify this suit as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(2). Id. Defendants oppose the motion. (Dockets 28, 29, & 30 ). For the reasons stated below, the court grants plaintiffs' motion for class certification.

**FACTS AND PROCEDURAL HISTORY**

Plaintiffs Oglala Sioux Tribe, Rosebud Sioux Tribe, Rochelle Walking Eagle, Madonna Pappan, and Lisa Young filed a complaint against defendants

Luann Van Hunnik, Mark Vargo, Hon. Jeff Davis, and Kim Malsam-Rysdon in their official capacities.  (Docket 1).  The complaint asserts defendants' policies, practices and procedures relating to the removal of Native American children from their homes during 48-hour hearings violate the Fourteenth Amendment's Due Process Clause and the Indian Child Welfare Act (ICWA).  Id.  Specifically, plaintiffs contend defendants' "policies, practices, and customs . . . (1) remov[e] Indian children from their homes without affording them, their parents, or their tribe a timely and adequate hearing as required by the Due Process Clause, (2) remov[e] Indian children from their homes without affording them, their parents, or their tribe a timely and adequate hearing as required by the Indian Child Welfare Act, and (3) remov[e] Indian children from their homes without affording them, their parents, or their tribe a timely and adequate hearing and then coerce the parents into waiving their rights under the Due Process Clause and Indian Child Welfare Act to such a hearing."  Id. at p. 3.

## DISCUSSION

In a class action, "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members[.]"  Fed. R. Civ. P. 23(a).  A court may certify a class action only if *all* of the following requirements are met:

(1)    the class is so numerous that joinder of all members is impracticable;

(2)    there are questions of law or fact common to the class;

2

(3)     the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)     the representative parties will fairly and adequately protect the interests of the class.

Id.  The four prerequisites for class certification can be referred to as (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation.  Paxton v. Union National Bank, 688 F.2d 552, 559 (8th Cir. 1982).  "An action may be maintained as a class action only if all four prerequisites of Rule 23(a) are satisfied and, in addition, one of the three subsections of Rule 23(b) is met."  Pickett v. IBP, 197 F.R.D. 510, 513 (M.D. Al. 2000).

"When determining whether to grant class certification, the question is not whether the plaintiffs will ultimately prevail on the merits, but rather whether the plaintiffs have met the requirements of Rule 23(a)."  Perez-Benites v. Candy Brand, LLC, 267 F.R.D. 242, 246 (W.D. Ark. 2010) (citing Eisen v. Carlisle and Jacquelin, 417 U.S. 156, 178 (1974)).

As the party seeking class certification, plaintiffs bear the burden of demonstrating all prerequisites of Rule 23 are met.  Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997).  The district court has broad discretion to decide whether certification is appropriate, and its decision will be reversed only for abuse of discretion.  Rattray v. Woodbury County, IA, 614 F.3d 831, 835 (8th Cir. 2010).

3

Defendants initially argue plaintiffs' motion for class certification is premature and the definition of the class is overly broad, vague and ambiguous.  (Docket 28 at pp. 2-5).  Defendants also argue plaintiffs do not meet the Rule 23 requirements for class certification.  Id. at pp. 5-13.

**1.      Whether plaintiffs' motion is premature**

Defendants argue plaintiffs' motion for class certification is premature because "[t]here are a number of jurisdictional requirements which have not been met" as discussed in their motions to dismiss.  (Docket 28 at p. 2).  The court entered its order denying defendants' motions to dismiss so this argument is moot.  Defendants also contend plaintiffs' motion is "premature because discovery has not yet occurred" and argue "the Court does not have the materials necessary to determine whether Plaintiffs have met their burden under Rule 23."  Id. at pp. 2-3.  Defendants suggest it is "disingenuous of Plaintiffs[] to simultaneously claim both that expedited discovery is *necessary* to prove their claims, and that they have met their burden for class certification, under Rule 23, on a bare record."[1]  Id. at p. 3 (emphasis in original).

_____

[1]As noted by plaintiffs, defendants opposed plaintiffs' motion for expedited discovery in part on the fact "plaintiffs [had] not yet moved to certify the class."  (Docket 41 at p. 7) (citing Docket 18 at p. 10).  Defendants argued "[w]ithout . . . class certification, it is impossible to determine the proper scope of discovery to be conducted."  (Docket 18 at p. 10).  Defendants' argument here conflicts with defendants' earlier position.

4

Under Rule 23(c)(1)(A), certification of class should be done "[a]t an early practicable time after a person sues or is sued as a class representative." Fed. R. Civ. P. 23(c)(1)(A).  The Supreme Court recognized Rule 23 class certification may be "plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 160 (1982).  The pleadings contain sufficient information for this court to determine whether class certification is appropriate in this case.  See In re Hartford Sales Practices Litig., 192 F.R.D. 592, 602 n. 9 (D. Minn. 1999) (noting "pleadings alone can conclusively show that the requirements of Rule 23 have been satisfied."); Fogie v. Rent-A-Car, 867 F. Supp. 1398, 1402 (D. Minn. 1993) (finding class certification appropriate based on the "pleadings and a few affidavits regarding the Rule 23(a) requirements.").  Although defendants suggest additional discovery is necessary to determine whether class certification is appropriate, defendants do not identify what "materials" are missing from the court's consideration of plaintiffs' motion.

Defendants' argument that plaintiffs' motion for class certification is inappropriate because plaintiffs also filed a motion for expedited discovery is not persuasive.  Plaintiffs' allegations in the 39-page complaint make it clear they are challenging the policies, practices and customs of defendants in relation to the 48-hour child removal hearings held in state court.  Attached to

5

plaintiffs' complaint are two 48-hour hearing transcripts which plaintiffs assert are reflective of other 48-hour hearings.  A Rule 23 determination may be based on the allegations in the complaint, and not whether plaintiffs will ultimately succeed on the merits of those allegations.  See Perez-Benites, 267 F.R.D. at 246; United Steel, 593 F.3d 802, 809 (9th Cir. 2010) (" 'the possibility that a plaintiff will be unable to prove his allegations . . . is [not] a basis for declining to certify a class which apparently satisfies [Rule 23].' ") (quoting Blackie v. Barrack, 524 F.2d 891, 901 (9th Cir. 1975)).  Having reviewed the pleadings in this case, the court finds plaintiffs' motion is not premature.

**2.    Whether plaintiffs' class definition is ambiguous**

Plaintiffs Walking Eagle, Pappan and Young seek to represent a class consisting of "all other members of federally recognized Indian tribes who reside in Pennington County, South Dakota[,] and who, like the plaintiffs, are parents or custodians of Indian children."  (Docket 24 at p. 2).

Defendants contend the proposed class is "ambiguous and lends itself to standing issues, including conflicts of interest."  (Docket 28 at p. 4). Defendants argue the proposed class definition "does not exclude parents and guardians of Indian children who are not eligible for enrollment in any federally recognized Indian tribe, and are therefore, not subject to 25 U.S.C. §§ 1901, et seq."  Id.  Defendants also argue the "definition offered by Plaintiffs assumes that having a parent who is a member of a federally recognized tribe is

6

sufficient to be considered an 'Indian child.' " Id.  Defendants claim the proposed class definition "would inappropriately include parents whose parental rights have been terminated, but who would nevertheless qualify as an Indian parent biologically." Id. at p. 5.

Defendants' arguments regarding plaintiffs' proposed class definition are easily resolved by reference to the definitions of  "Indian child," "custodian," "Indian tribe," and "parent" provided in 25 U.S.C. § 1903:

> "Indian child" means any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe.

> "Indian custodian" means any Indian person who has legal custody of an Indian child under tribal law or custom or under State law or to whom temporary physical care, custody, and control has been transferred by the parent of such child.

> "Indian tribe" means any Indian tribe, band, nation, or other organized group or community of Indians recognized as eligible for the services provided to Indians by the Secretary because of their status as Indians, including any Alaska Native village as defined in section 1602(c) of Title 43.

> "Parent" means any biological parent or parents of an Indian child or any Indian person who has lawfully adopted an Indian child, including adoptions under tribal law or custom.  It does not include the unwed father where paternity has not been acknowledged or established.

25 U.S.C. § 1903(4),(6),(8) & (9).  Using these definitions, the court finds plaintiffs' class definition is not overly broad, vague or ambiguous.

7

### 3.     Numerosity

The class, as defined by plaintiffs, includes the three named plaintiffs and "all other members of federally recognized Indian tribes who reside in Pennington County, South Dakota[,] and who, like the plaintiffs, are parents or custodians of Indian children."  (Docket 24 at p. 2).  According to the 2010 census, "there were 576 households in Pennington County in which members of the Oglala Sioux Tribe were raising children under the age of 18, 195 such households containing members of the Rosebud Sioux Tribe, and 57 Standing Rock Sioux households."  (Dockets 25 at p. 4 & 25-1).  Based on the census, plaintiffs assert "the class would contain more than 800 adults using the very conservative assumption that none of these households contains more than one parent or custodian."  Id.

Defendants concede plaintiffs' proposed class meets the requirements of numerosity.  (Docket 28 at p. 6).  The court finds the "class is numerous enough to make joinder impracticable."  Christina A. v. Bloomberg, 197 F.R.D. 664, 667 (D.S.D. 2000), see also Fed. R. Civ. P. 23(a)(1).

### 4.     Commonality

Rule 23(a) requires "questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  It, however, "does not require that every question of law or fact be common to every member of the class."  Paxton, 688 F.2d at 561.  Rule 23(a)(2) may be satisfied " 'where the question of law linking the class members

8

is substantially related to the resolution of the litigation even though the individuals are not identically situated.' " Id. (quotations omitted); see also Lambertz-Brinkman v. Reisch, No. CIV 07-3040, 2008 WL 4774895, * 2 (D.S.D. 2008) (Commonality "does not require that every question of law or fact be common to every member of the class.").

Defendants argue the proposed class lacks commonality because each "[a]buse and neglect case[], particularly at the emergency custody stage, [is] an intensely fact-specific process." (Docket 28 at p. 7). Plaintiffs assert the proposed class has at least eleven common questions of law which warrant certification, including whether "a parent who may lose custody of his or her child in one of Defendants' 48-hour hearings have a right under the Due Process Clause to receive, prior to the hearing, a copy of the state's petition for temporary custody." (Docket 41 at p. 2).

Rule 23's commonality element does not require an identical factual scenario among each proposed class member. Paxton, 688 F.2d at 561. In Paxton, the common question among the class was whether the defendant had discriminatory employment practices. Id. The fact each member of the class would be affected differently by the defendant's policies did not preclude a finding of commonality. Id. In Lambertz-Brinkman, the issue was "whether the defendants ha[d] a policy or practice of denying to the inmates medication or treatment that [had] been prescribed by a physician." Lambertz-Brinkman,

2008 WL 4774895, *2 (D.S.D. 2008).  The district court noted "[a]lthough each individual member of the class may have had different experiences with regard to medical and mental health care at the S.D. Women's Prison, this does not defeat commonality as the legal question 'linking the class member'–whether an illegal policy or practice exists–'is substantially related to the resolution of the litigation.' "  Id. (citing DeBoer v. Mellon Mortg. Co., 64 F.3d 1171, 1174 (8th Cir. 1995)).

The named plaintiffs, on behalf of the proposed class, seek a declaration that defendants' policies, practices or customs amount to or result in deprivations of their constitutional and statutory rights.  Whether these policies, practices and customs violate plaintiffs' procedural rights under the Fourteenth Amendment and ICWA is a common legal question across the proposed class.  The fact each member of the class would be affected differently by the defendants' policies does not preclude a finding of commonality. See Paxton, 688 F.2d at 561.  This is sufficient to establish the commonality requirement of Rule 23(a)(2).  See DeBoer, 64 F.3d at 1174.

## 5.    Typicality

"The Eighth Circuit has interpreted typicality to mean that there are 'other members of the class who have the same or similar grievances as the plaintiff.' "  Christina A., 197 F.R.D. at 668 (quoting Alpern v. UtiliCorp United, Inc., 84 F.3d 1525, 1540 (8th Cir. 1996)).  Rule 23's typicality requirement is

10

not an onerous one.  Paxton, 688 F.2d at 562.  "Factual variations" in the
claims of the plaintiffs will not preclude class certification "if the claim arises
from the same event or course of conduct as the class claims and gives rise to
the same legal or remedial theory."  Alpern, 84 F.3d at 1540.  "The burden of
demonstrating typicality is fairly easily met so long as other class members
have claims similar to the named plaintiff."  DeBoer, 64 F.3d at 1174.

        Defendants argue the proposed class lacks typicality because "Plaintiffs'
class definition does not even require that the putative plaintiff[s] have an
interest in an emergency custody hearing in Pennington County, South
Dakota.  Nor for that matter does it explain how parents who will be subject to
abuse and neglect proceedings in the future will be treated by comparison to
parents who have already been through an abuse and neglect [proceeding] in
the past."  (Docket 28 at pp. 8-9).

        Despite defendants' arguments, the possibility that underlying
differences exist in each case is not a reason for denying class certification.
See Alpern, 84 F.3d at 1540.  The claims of the named plaintiffs are typical to
those of the proposed class.  All allege defendants engage in policies, practices
and customs depriving them of constitutional and statutory rights to timely
and adequate hearings and notice when the state removes Indian children from
their homes.  "The fact that each named Plaintiff has personally experienced a
different combination of these [customs], policies and practices does not defeat

the typicality of the claims because everyone in the class is subject to them."
<u>Christina A.</u>, 197 F.R.D. at 668. The court finds the typicality requirement of
Rule 23(a)(3) is satisfied.

**6.     Adequacy of representation**

" 'The adequate representation inquiry involves questions of whether the
plaintiffs' counsel are qualified, experienced, and generally able to conduct the
proposed litigation.' " <u>Lambertz-Brinkman</u>, 2008 WL 4774895, *3 (quoting
<u>Pickett</u>, 197 F.R.D. at 514). "The Eighth Circuit has found that the focus of
this requirement is whether: '(1) the class representatives have common
interests with the members of the class, and (2) whether the class
representatives will vigorously prosecute the interest of the class through
qualified counsel." <u>Christina A.</u>, 197 F.R.D. at 670 (quoting <u>Paxton</u>, 688 F.2d
at 562-63).

The court finds counsel for the named plaintiffs have demonstrated they
are qualified and competent to conduct the litigation. Defendants do not argue
to the contrary.

Defendants argue a conflict may arise between the class and one of the
tribal plaintiffs because it is not unforeseeable that the tribal plaintiffs' interest
may differ from the individual plaintiffs' interests. Rule 23(a)(4) relates to
potential conflicts within the class itself. Plaintiffs Walking Eagle, Pappan and
Young are not proposing to include the Oglala Sioux Tribe and the Rosebud

12

Sioux Tribe as members of the class.  The relevant question is whether conflicts will arise between the named plaintiffs and the proposed class.  The plaintiffs in this case are seeking the same remedy.  There are no individual claims. Rather, the interests of the named plaintiffs and the proposed class members are common and the court "does not foresee any real possibility of conflicts between the named Plaintiffs and the other members of the [proposed] class." Christina A., 197 F.R.D. at p. 670.  The court will not speculate in order to find potential conflicts.  The court finds the adequacy of representation requirements of Rule 23(a)(4) are satisfied.

## 7.    Rule 23(b) prerequisites

Where the requirements of Rule 23(a) are met, plaintiffs still must satisfy the requirements of Rule 23(b).  Rule 23(b)(2) states:

> A class action may be maintained if Rule 23(a) is satisfied and if:
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

Fed. R. Civ. P. 23(b)(2).

"A Rule 23(b) class is proper . . . where the only relief sought is declaratory and injunctive relief."  Lambertz-Brinkman, 2008 WL 4774895, *4 (citing In re St. Jude Medical, Inc., 425 F.3d 1116, 1121 (8th Cir. 2005)).  In this case, the focus of plaintiffs' complaint is whether defendants have pursued

13

policies, practices and customs which violate their constitutional and statutory rights.  If plaintiffs prove this claim, then each member of the class would be entitled to the same injunctive or declaratory relief.  See id.  The court finds the proposed class is cohesive and certification of the class under Rule 23(b)(2) is appropriate.  See In re St. Jude, 425 F.3d at 1121 (noting class certification under Rule 23(b)(2) requires the claims be cohesive).

**CONCLUSION**

In accord with the above discussion, it is hereby

ORDERED that plaintiffs' motion for class certification (Docket 24) is granted.

IT IS FURTHER ORDERED that this action shall be maintained as a class action on behalf of the following class of plaintiffs:

> Rochelle Walking Eagle, Madonna Pappan and Lisa Young and all other members of federally recognized Indian tribes who reside in Pennington County, South Dakota, and who, like plaintiffs, are parents or custodians of Indian children.

The terms "Indian children", "custodians," "Indian tribes," and "parents" shall be interpreted using the definitions provided in 25 U.S.C. § 1903.

IT IS FURTHER ORDERED that class certification is granted for the purpose of litigating the following issues in this case:

> a.    Whether defendants maintain policies, practices or customs related to the removal of Indian children from their homes without affording them, their parents, custodians, or tribes a timely and

14

adequate hearing in violation of the Fourteenth Amendment's Due Process Clause;

b.    Whether defendants maintain policies, practices or customs related to the removal of Indian children from their homes without affording them, their parents, custodians or tribes a timely and adequate hearing in violation of the Indian Child Welfare Act; and

c.    Whether defendants maintain policies, practices or customs which coerce parents or custodians into waiving their rights under the Fourteenth Amendment's Due Process Clause and the Indian Child Welfare Act to such a hearing.

IT IS FURTHER ORDERED that no notice to the class is required at this time.

IT IS FURTHER ORDERED that Rochelle Walking Eagle, Madonna Pappan and Lisa Young are designated as class representatives.  Dana Hanna, Stephen L. Pevar and Rachel E. Goodman are designated as class counsel.

Dated January 28, 2014.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE

15