UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| OGLALA SIOUX TRIBE and ROSEBUD SIOUX TRIBE, as *parens patriae*, to protect the rights of their tribal members; MADONNA PAPPAN, and LISA YOUNG, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LUANN VAN HUNNIK; MARK VARGO; HON. JEFF DAVIS; and LYNNE A. VALENTI, in their official capacities,<br><br>Defendants. | CIV. 13-5020-JLV<br><br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL |

**INTRODUCTION**

Plaintiffs filed a motion to compel the defendants Ms. Van Hunnik and Ms. Valenti of the South Dakota Department of Social Services ("SDDSS Defendants") to produce certain documents.[1] (Docket 159). The SDDSS Defendants oppose plaintiffs' motion in part and seek a protective order before producing the documents. (Docket 183). For the reasons stated below, plaintiffs' motion is granted in part and denied in part.

---

[1] Ms. Van Hunnik retired after 30 plus years with the South Dakota Department of Social Services. (Docket 209 at p. 1 n.1). Ms. Lisa Fleming has been appointed as the Regional Manager for Region 1. Id. A motion for substitution of party pursuant to Fed. R. Civ. P. 25(d) has not been filed due to a number of pending motions. Id.

## ANALYSIS

Plaintiffs seek documents used or created by the SDDSS Defendants after the conclusion of 48-hour hearings. The discovery requests are relevant to plaintiffs' claims regarding the adequacy of staff training by the SDDSS Defendants. Plaintiffs' requests for production of documents associated with the present motion to compel are contained in requests for production number 6 and number 7. (Docket 159 at p. 3). Those requests are:

> Request for Production No. 6: Produce the entire Department of Social Services (DSS) file (including all court documents, case worker reports, case worker notes, narrative reports, risk assessment reports, visitation records, correspondence, interviews, and home studies) with respect to the following Seventh Judicial Circuit cases: A10-270; A10-1119; A10-1170; A10-1191; A11-497; A11-645; A11-1004; A12-219; A12-468; A12-839; A13-30; A13-49; A13-845; A13-616; A14-145.
>
> Request for Production No. 7: Produce the entire Department of Social Services (DSS) file (including all court documents, case worker reports, case worker notes, narrative reports, risk assessment reports, visitation records, correspondence, interviews, and home studies) with respect to the following Seventh Judicial Circuit cases: A10-460; A10-773; A10-1116; A10-1238; A11-948; A11-954; A12-245; A13-298; A13-845; A14-47; A14-444; A14-446.

Id. at pp. 3-4 (bold and italics omitted). Plaintiffs submit the documents requested relate to thirty-five of the approximately four hundred case files associated with 48-hour hearing in Indian Child Welfare Act ("ICWA") cases in Pennington County, South Dakota, since 2010. Id. at p. 3.

Plaintiffs seek permission to allow plaintiffs' counsel to discuss individual files with the parents or guardians identified in DSS ICWA cases. Id. at p. 6.

2

Plaintiffs argue these discussions are necessary because "these parents are members of the Plaintiff class." Id.

Plaintiffs also request that the SDDSS Defendants answer the following interrogatory.

> Interrogatory No. 15: With respect to each case listed in RFP No. 6 above, state and describe in detail all of the reasons why the child(ren) in each case was (were) not returned to a parent fifteen days earlier than he/she/they was/were returned. In your response, identify with specificity all evidence in the DSS case file that indicates that if DSS had returned the child(ren) fifteen days earlier, said child(ren) would have been at risk of imminent damage or harm.

Id. at p. 7 (bold omitted). Plaintiffs argue answers to this interrogatory are necessary to require the SDDSS Defendants to "point to any evidence in those files demonstrating that their staff complied with DSS training regarding § 1922." Id.

The SDDSS Defendants agree the documents requested by plaintiffs are discoverable but should be subject to a protective order. (Docket 183 at p. 2). Defendants claim the Child Abuse Prevention and Treatment Act, 42 U.S.C. § 5101 *et seq.*, ("CAPTA") specifically prohibits them from making the disclosures sought by plaintiffs without a protective order in place. (Docket 183 at p. 4). The SDDSS Defendants argue that even with a protective order in place "[t]he parent of an abused and neglected child is not one of the persons authorized to receive disclosure under the federal law." Id. (bold omitted). Similarly, the SDDSS Defendants argue that SDCL 26-8A-13(1)-(10), which adopted the requirements of CAPTA, does not permit disclosure of the documents sought by

3

plaintiffs to the parents of an abused and neglected child. Id. For these reasons, the SDDSS Defendants assert the court should adopt the language of their proposed protective order.[2]  Id. at p. 5.

Regarding plaintiffs' interrogatory number 15, the SDDSS Defendants argue:

> Ms. Van Hunnik has provided an Affidavit outlin[ing] the process undertaken by a DSS Family Services Specialists . . . once a child is placed in DSS custody by law enforcement. . . . upon completion of the IFA [Initial Family Assessment], if no impending danger is identified, then the child is returned to custody of the parent(s), also known as reunification. . . . If impending danger is identified, then it is determined whether a Safety Plan can be formulated to manage the impending danger. . . . Once the IFA process is completed, so long as impending danger exists, legal custody remains with DSS. If at the completion of the IFA process, it is determined that impending danger does not exist or can be alleviated through various means, legal custody is returned to the parent(s).

Id. at p. 6. (internal references omitted). Defendants assert the plaintiffs have been provided with the IFAs for each of the court files sought by plaintiffs and those documents "set forth the reasons why a child was or was not returned to custody of the parent." Id. For these reasons, the SDDSS Defendants ask the court to deny any further response to interrogatory number 15. Id. at p. 7.

In response to the SDDSS Defendants' production of the IFAs and resistance to further inquiry concerning the determinations related to each IFA, plaintiffs argue they have the "right to probe the validity of Van Hunnik's

---

[2] A proposed protective order accompanies the defendants' response. (Docket 184-1). Plaintiffs' objections and proposed amendments to defendants' proposed protective order also accompany defendants' response. (Docket 184-2).

4

testimonial disclaimer." (Docket 190 at p. 9). Plaintiffs assert requiring the SDDSS Defendants to conduct an evaluation and identify the facts which demonstrate the appropriateness of retaining custody of the children or returning them to the custody of their parents in each of the thirty-five cases identified "is neither an onerous nor unreasonable request in a lawsuit of this nature." Id.

The court agrees in part with the SDDSS Defendants' analysis and will not permit the plaintiffs to share the DSS file materials with the parents or other people involved in those DSS files. In the event the plaintiffs wish to discuss any DSS file disclosed under this order with the parents or other people identified in each file, plaintiffs must make a particularized showing of need filed under seal. Any response by the SDDSS Defendants shall also be filed under seal. With this limitation, the court will grant plaintiffs' motion to compel.

The court agrees with the plaintiffs' argument associated with defendants' response to interrogatory number 15. The court finds that requiring the SDDSS Defendants to review the thirty-five cases identified in request for production number 6 and to articulate the particularized facts which support the DSS decision in each IFA is a reasonable request and not onerous or overly burdensome to the SDDSS Defendants.

The court approves the protective order language proposed by the SDDSS Defendants except as to that portion of Section 5.b.i on page five which is objected to by plaintiffs. See Docket 184-2 at p. 3. That language is impossible

5

to apply or enforce. The remainder of plaintiffs' objections and proposed amendments to the defendants' proposed protective order are overruled. A protective order consistent with this order and the general practice of the court will be contemporaneously filed.

An order quashing the subpoenas issued for the depositions of SDDSS Secretary Valenti, three former SDDSS employees and one present employee was entered on October 30, 2015. (Docket 214). With the resolution of plaintiffs' motion to compel, it is appropriate to permit those depositions to proceed.

## ORDER

In accord with the above analysis, it is

ORDERED that plaintiffs' motion to compel (Docket 159) is granted in part and denied in part.

IT IS FURTHER ORDERED that the SDDSS Defendants' motion for a protective order (Docket 183 at p. 5) is granted in part and denied in part.

IT IS FURTHER ORDERED that the SDDSS Defendants shall produce to plaintiffs within twenty-eight (28) days of this order the discovery information sought under requests for production number 6 and number 7 and interrogatory number 15.

IT IS FURTHER ORDERED that in the event the plaintiffs wish to discuss any DSS file disclosed under this order with the parents or other people identified in each file, plaintiffs must make a particularized showing of need, filed under seal, with any SDDSS Defendants' response also filed under seal.

IT IS FURTHER ORDERED that the stay of discovery imposed by the October 30, 2015, order (Docket 214) is vacated.

IT IS FURTHER ORDERED that the transcripts of the depositions of Ms. Valenti, Ms. Zellar, Ms. Brown, Ms. Shaw, and Ms. Furchner and all exhibits relating to those depositions shall not be filed in CM/ECF except under seal and shall remain restricted to use by the parties solely for purposes of this litigation.

NOTICE IS FURTHER GIVEN that a protective order will be contemporaneously filed.

Dated January 28, 2016.

BY THE COURT:

JEFFREY L. VIKEN
CHIEF JUDGE