UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| OGLALA SIOUX TRIBE and ROSEBUD SIOUX TRIBE, as *parens patriae*, to protect the rights of their tribal members; MADONNA PAPPAN, and LISA YOUNG, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LISA FLEMING; MARK VARGO; HONORABLE CRAIG PFEIFLE; and LYNNE A. VALENTI, in their official capacities,<br><br>Defendants. | CIV. 13-5020-JLV<br><br>ORDER |

## INTRODUCTION

Plaintiffs filed a motion for partial summary judgment, together with supporting documentation, against Defendant Mark Vargo. (Dockets 261, 263 & 265). Defendant Vargo filed a motion to strike plaintiffs' motion. (Docket 268). Mr. Vargo also filed a responsive legal memorandum, with supporting documentation, in resistance to plaintiffs' motion. (Dockets 269-271). For the reasons stated below, defendant's motion to strike is denied and plaintiffs' motion for partial summary judgment is granted.

## ANALYSIS

Plaintiffs seek partial summary judgment against Defendant Vargo because § 1922 of the Indian Child Welfare Act ("ICWA")[1] requires that "[t]he

---

[1] 25 U.S.C. § 1901 *et seq.*

State authority, official, or agency involved shall insure that the emergency removal or placement terminates immediately when such removal or placement is no longer necessary to prevent imminent physical damage or harm to the child . . . ." 25 U.S.C. §1922. Plaintiffs allege the Pennington County State's Attorney and his staff are applying a standard in 48-hour hearings[2] and subsequent emergency proceedings[3] where "continued custody of the child . . . by the parents or Indian custodian is likely to result in serious <u>emotional</u> or physical harm to the child . . . ." (Docket 262 at pp. 2-3) (emphasis added); see also Dockets 263 ¶¶ 2 & 3 and 270 ¶¶ 2 & 3. Plaintiffs contend that in applying this broader definition of harm, Mr. Vargo "permits DSS to seek continued custody of an Indian child based *exclusively* on evidence of emotional damage." Id. at p. 4 (emphasis in original). According to the undisputed evidence, "in approximately seventy-five percent of Indian custody cases, continued custody is sought based exclusively on emotional damage." Id. (references to the record omitted).

---

[2]SDCL § 26-7 A-14 directs "no child may be held in temporary custody longer than forty-eight hours . . . excluding Saturdays, Sundays, and court holidays, unless a . . . petition has been filed . . . and the court orders longer custody during a noticed hearing . . . ." These proceedings are commonly referred to as a "48-hour hearing."

[3]"Emergency proceeding means and includes any court action that involves an emergency removal or emergency placement of an Indian child." 25 CFR § 23.2 (December 12, 2016). "These proceedings are distinct from other types of 'child-custody proceedings' under [ICWA]." Executive Summary to the Department of the Interior's regulations implementing ICWA, 81 Fed. Reg. 38778-38876, 38793 (June 14, 2016) ("Executive Summary").

Plaintiffs allege the evidence discloses that Mr. Vargo and his staff refuse to apply the proper standard under § 1922. Id. at p. 6. Plaintiffs submit "Defendant Vargo's construction of § 1922 is . . . inconsistent with the overarching purpose of ICWA because it lowers the bar, thereby resulting in more Indian children being removed from their homes than Congress intended to allow." Id. at p. 12. Plaintiffs assert "Defendant Vargo is circumventing this Court's ruling on § 1922 by interpreting and applying it in a manner contrary to its language, its legislative history, and with the remedial purpose of the Indian Child Welfare Act." Id.

Mr. Vargo asks the court to strike plaintiffs' motion for partial summary judgment because "Plaintiffs have already sought—and were granted—summary judgment against [him] for all of the allegations they raised . . . in the complaint." (Docket 269 at p. 1). Mr. Vargo contends that if plaintiffs want to seek summary judgment on the basis presently alleged, they "must first . . . amend their complaint to include the allegations upon which they now seek summary judgment." Id. at p. 3.

In the alternative, Mr. Vargo argues plaintiffs' motion must be denied because the court has previously referenced "emotional or physical damage" in its earlier orders. Id. at pp. 6-7 (references omitted). Mr. Vargo also argues the legislative history of § 1922 must have intended to separate "physical damage" from "harm." Id. at p. 7. He contends this would allow consideration of

3

"emotional harm" within the definition of harm.  Id. at p. 8; see also Docket 270 at p. 4 ¶ 2.

Plaintiffs' counter-argument is that the first motion for summary judgment "challenged Vargo's policy of *ignoring* § 1922, whereas in the second motion, Plaintiffs challenge Vargo's policy of *misinterpreting and misapplying* § 1922." (Docket 279 at p. 4) (emphasis in original).  Plaintiffs contend Mr. Vargo's argument "overlooks the fact that ICWA contains two different standards for removal/retention of Indian children: one applicable to the § 1922 initial hearing ("imminent physical damage or harm") and the other applicable to §§ 1912(e) and (f) adjudicatory hearings to determine long-term foster care or adoption ("serious emotional or physical damage")."  Id. at p. 7.  Plaintiffs seek partial summary judgment against Mr. Vargo "to remove this final obstacle to the implementation of § 1922 in Defendants' 48-hour hearings."  (Docket 262 at p. 6).

During an emergency proceeding involving the removal of an Indian child from the custody of an Indian parent or custodian and the subsequent determination of whether the child should be returned to the custody of the parent or custodian without initiation of an abuse and neglect petition, "the emergency removal or placement" must "terminate[] immediately when such removal or placement is no longer necessary to prevent imminent physical damage or harm to the child . . . ."  25 U.S.C. § 1922 ("§ 1922 standard").

During the comment period for updating the ICWA regulations this past year, "[m]any commenters opposed the proposed definition of 'imminent physical harm or damage' because they asserted . . . [t]he proposed definition is too narrow in omitting neglect and emotional or mental (psychological) harm and would preclude emergency measures to protect a child from these types of harms . . . ." Executive Summary, 81 Fed. Reg. at 38793 (June 14, 2016). The Executive Summary declined to incorporate emotional harm within the parameters of § 1922, stating "[t]he 'imminent physical damage or harm' standard applies only to emergency proceedings, which are not subject to the same procedural and substantive protections as other types of child-custody proceedings[4]. . . ." Id. The Executive Summary advised "Congress used the standard of 'imminent physical damage or harm' to guard against emergency removals where there is no imminent physical damage or harm." Id. at 38794. "ICWA requires that an emergency proceeding terminate immediately when the removal or placement is no longer necessary to prevent imminent <u>physical</u> damage or harm to the child." Id. at 38817 (emphasis added). "An emergency proceeding" is terminated by "(1) Initiation of a child-custody proceeding subject to the provisions of ICWA; (2) Transfer of the child to the jurisdiction of the

---

[4]By contrast, subsequent child-custody adjudication hearings are bound by the language of § 1912, which states: "No foster care placement may be ordered in such proceeding in the absence of a determination, supported by clear and convincing evidence . . . that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child." 25 U.S.C. § 1912(e) ("§ 1912 standard").

5

appropriate Indian Tribe; or (3) Restoring the child to the parent or Indian custodian." 25 CFR § 23.113(c) (December 12, 2016).

ICWA "treats emergency proceedings, at § 1922, differently from other child-custody proceedings. . . . The emergency proceedings should be as short as possible and may end with the initiation of a child-custody proceeding subject to the provisions of ICWA (e.g., the notice required by § 23.111, time limits required by § 23.112)." Executive Summary, 81 Fed. Reg. at 38821. By using the § 1922 standard, "Congress established a high bar for emergency proceedings that occur without the full suite of protections in ICWA." Id. at 38793.

The court must examine § 1922 to determine "whether the language at issue has a plain and unambiguous meaning . . . ." Solis v. Summit Contractors, Inc., 558 F.3d 815, 823 (8th Cir. 2009). The language of § 1922 is clear. The phrase "imminent physical" modifies both "damage" and "harm." To interpret § 1922 otherwise would permit the reader to conclude that damage must be imminent and physical, while harm need not be either imminent or physical. This strained interpretation defies common sense.

By contrast, when addressing the State's burden of proof in a subsequent child-custody proceeding, Congress specifically intended "serious emotional or physical damage" as the criteria. See 25 U.S.C. § 1912(e). The distinction between the § 1922 standard and the § 1912 standard was intentional. The court's "analysis begins with the language of the statute. . . . And where the statutory language provides a clear answer, it ends there as well." Hughes

Aircraft Co. v. Jacobson, 525 U.S. 432, 438 (1999). The court finds Congress intended § 1922 to be limited solely to "imminent physical damage or harm" in determining whether to initiate or terminate emergency proceedings.

**ORDER**

Based on the above analysis, it is

ORDERED that defendant Vargo's motion to strike (Docket 268) is denied.

IT IS FURTHER ORDERED that plaintiffs' motion for partial summary judgment (Docket 261) is granted.

IT IS FURTHER ORDERED that 25 U.S.C. § 1922 does not permit consideration of "emotional damage or harm" in § 1922 emergency proceedings under 25 CFR part 23.

Dated December 15, 2016.

BY THE COURT:

JEFFREY L. VIKEN
CHIEF JUDGE

7