UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| OGLALA SIOUX TRIBE and ROSEBUD SIOUX TRIBE, as *parens patriae*, to protect the rights of their tribal members; MADONNA PAPPAN, and LISA YOUNG, individually and on behalf of all other persons similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>LISA FLEMING; MARK VARGO; HONORABLE CRAIG PFEIFLE; and LYNNE A. VALENTI, in their official capacities,<br><br>        Defendants. | CIV. 13-5020-JLV<br><br><br>PERMANENT INJUNCTION |

Incorporating the order of March 30, 2015 (Docket 150), the order of February 19, 2016 (Docket 217), the orders of December 15, 2016 (Dockets 301 and 302), and the declaratory judgment of December 15, 2016 (Docket 303), for good cause shown and pursuant to the court's inherent equitable authority, it is

ORDERED that defendants Lisa Fleming, Mark Vargo and Lynne A. Valenti, in their official capacities, are hereby immediately and permanently restrained and enjoined from engaging in the following activities:

1. Violating the constitutional rights of the plaintiffs[1] guaranteed by the Due Process Clause of the Fourteenth Amendment;

---

[1] "Plaintiffs" include the class members certified by the court's order of January 28, 2014. (Docket 70 at pp. 14-15).

2. Violating the statutory rights of the plaintiffs guaranteed by the Indian Child Welfare Act ("ICWA"), 25 U.S.C. § 1901 *et seq.*, and particularly those rights guaranteed by 25 U.S.C. § 1922; and

3. Violating the constitutional and statutory rights of the plaintiffs as set out in the Declaratory Judgment entered on December 15, 2016, (Docket 303) and restated herein pursuant to Fed. R. Civ. P. 65(d)(1((C).

IT IS FURTHER ORDERED that defendants Lisa Fleming and Lynne A. Valenti, in their official capacities, are immediately and permanently required to comply with the following in all 48-hour hearings[2] involving Indian children[3], parents, custodians and tribes and in all subsequent emergency proceedings:[4]

---

[2] SDCL § 26-7 A-14 directs "no child may be held in temporary custody longer than forty-eight hours . . . excluding Saturdays, Sundays, and court holidays, unless a . . . petition has been filed . . . and the court orders longer custody during a noticed hearing . . . ." These proceedings are commonly referred to as a "48-hour hearing."

[3] All references to "child(ren)," "parent(s)," and "custodian(s)" will mean Indians as that term is defined by 25 U.S.C. § 1903(3).

[4] "Emergency proceeding means and includes any court action that involves an emergency removal or emergency placement of an Indian child." 25 CFR § 23.2 (December 12, 2016). "These proceedings are distinct from other types of 'child-custody proceedings' under [ICWA]." Executive Summary to the Department of the Interior's regulations implementing ICWA, 81 Fed. Reg. 38778-38876, 38793 (June 14, 2016).

1. The ICWA affidavit must state with sufficient detail the facts[5] which justify the emergency removal of a child from its parent or custodian <u>and</u> the facts which warrant the continued separation of a child from its parent or custodian to "prevent imminent physical damage or harm to the child;"[6]

2. To use active efforts[7] to reunite the family; and

3. In the event a temporary custody order is entered at the conclusion of a 48-hour hearing, the South Dakota Department of Social Services shall immediately report to the State court that the justification for the temporary custody order has ended because returning the child to its parent or custodian will not place the child at imminent risk of physical damage or harm.

IT IS FURTHER ORDERED that defendant Mark Vargo, in his official capacity, is immediately and permanently required to comply with the following in all 48-hour hearings involving Indian children, parents, custodians and tribes, and in all subsequent emergency proceedings:

---

[5] At this point these are only "alleged facts" until proven during a 48-hour hearing but will be referred to as "facts" unless otherwise indicated.

[6] 25 U.S.C. § 1922.  "[Section] 1922 does not permit consideration of 'emotional damage or harm' in § 1922 emergency proceedings under 25 CFR part 23."  (Docket 301 at p. 7).

[7] "Any party seeking to effect a foster care placement of . . . an Indian child under State law shall satisfy the court that active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that these efforts have proved unsuccessful."  25 U.S.C. § 1912(d).  <u>See also</u> 23 CFR § 23.2 (December 12, 2016) which defines "active efforts."

1. The ICWA affidavit must state with sufficient detail the facts which justify the emergency removal of a child from its parent or custodian <u>and</u> the facts which warrant the continued separation of a child from its parent or custodian to prevent imminent physical damage or harm to the child;

2. The petition for temporary custody ("petition") must:

    a. state what documents, if any, are incorporated by reference and copies of all incorporated documents[8] must be attached to the petition;

    b. describe that the purpose of the petition is to seek continued temporary custody of a child with the South Dakota Department of Social Services ("DSS");

    c. advise that the State has the burden to prove by a preponderance of the evidence that continued removal is necessary to prevent imminent physical damage or harm to the child;

    d. advise the parent or custodian of the possible immediate and ultimate consequences of the proceeding;

---

[8]If the incorporated document is a police report subject to the provisions of SDCL § 26-7A-29, the States Attorney or his designated deputy must file a written motion or make an oral motion to the court permitting the disclosure of the police report to the Indian parent or custodian and their attorney.

  e. advise the parent or custodian of the right to request that the state proceedings be transferred to tribal court;[9]

  f. advise that if the parent or custodian is indigent, the court will appoint counsel and will grant a continuance, not to exceed 24 hours, to enable counsel to become familiar with the facts of the case and confer with the parent or custodian;[10] and

  g. state that the parent or custodian and their attorney have the following rights at the 48-hour hearing:

    1. to contest the allegations in the petition;

    2. to require the State to present evidence in support of the petition;

    3. to cross-examine the State's witnesses and the preparers of any documents presented to the court; and

    4. to subpoena witnesses and present testimony.

3. The parent or custodian and tribe must be given a copy of the ICWA affidavit and the petition at the earliest practical time

---

[9] As required by 25 U.S.C. § 1911(b).

[10] "In any case in which the court determines indigency, the parent or Indian custodian shall have the right to court-appointed counsel in any removal, placement, or termination proceeding." 25 U.S.C. § 1912(b).

> but in no event later than the commencement of the 48-hour hearing;
>
> 4. The parents, custodians and tribes have the right to subpoena witnesses and must be permitted to present sworn testimony and other evidence during a 48-hour hearing;
>
> 5. The parents, custodians and tribes have the right to subpoena any person who provided information in support of or in contradiction to the ICWA affidavit or petition;
>
> 6. The parents, custodians and tribes have the right to cross-examine witnesses including the DSS child protection services staff member who signed the ICWA affidavit as well as all other witnesses whose statements form the factual basis for any document submitted to the court for consideration during the 48-hour hearing;
>
> 7. If indigent, parents and custodians have the right to the assistance of court-appointed counsel;
>
> 8. If counsel is requested, but not immediately available, or if counsel is appointed, counsel may request the 48-hour hearing be continued for a period of time not to exceed 24 hours, to permit the parent, custodian and tribe and counsel to prepare for the hearing;

9. The decision of the State court must be based solely on testimony and evidence presented during the 48-hour hearing;

10. The States Attorney's presentation must include testimony showing the active efforts of DSS to reunify the family following the emergency removal or placement;

11. The decision of the State court must be articulated on the record and include specific findings as to whether DSS engaged in active efforts to reunify the family and any reason authorized by § 1922 that continued placement with DSS is necessary to prevent imminent physical damage or harm to the child;

12. At the conclusion of a 48-hour hearing, a child must be restored to the custody of its parent or custodian unless the State proved by a preponderance of the evidence that continued custody with DSS is necessary to prevent imminent physical damage or harm to the child;

13. In the event a temporary custody order is entered at the conclusion of a 48-hour hearing, DSS shall immediately report to the State court that the justification for the temporary custody order has ended because returning the

child to its parent or custodian will not place the child at imminent risk of physical damage or harm; and

14. In the event a temporary custody order is entered at the conclusion of a 48-hour hearing, the State court shall immediately return the child to its parent or custodian as soon as justification for the temporary custody order has ended because returning the child will not place the child at imminent risk of physical damage or harm.

IT IS FURTHER ORDERED that this permanent injunction is binding upon defendants' officers, agents, employees, attorneys and upon those persons in active concert or participation with them who receive actual notice of this order.

IT IS FURTHER ORDERED that the court retains jurisdiction for the purpose of enforcing and modifying this permanent injunction and for the purpose of granting additional relief as may be necessary and appropriate.

Dated December 15, 2016.

BY THE COURT:

_____
JEFFREY L. VIKEN
CHIEF JUDGE