UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| OGLALA SIOUX TRIBE and ROSEBUD SIOUX TRIBE, as *parens patriae*, to protect the rights of their tribal members; MADONNA PAPPAN, and LISA YOUNG, individually and on behalf of all other persons similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>LISA FLEMING; MARK VARGO; HONORABLE CRAIG PFEIFLE; and LYNNE A. VALENTI, in their official capacities,<br><br>　　　　　Defendants. | CIV. 13-5020-JLV<br><br><br>ORDER |

**INTRODUCTION**

On December 15, 2016, the court entered three orders and a permanent injunction. (Dockets 301-304). On January 13, 2017, the defendants appealed the orders and permanent injunction as well as previous orders of the court. (Dockets 309, 312 & 321). At the same time, Defendant Mark Vargo filed a motion to stay portions of the declaratory judgment and to suspend portions of the permanent injunction pending appeal ("motion to stay"). (Docket 310). The other defendants join in Mr. Vargo's motion to stay. (Docket 315 & 322). Plaintiffs oppose the motion to stay. (Docket 331). For the reasons stated below, the motion to stay is denied.

## ANALYSIS

Mr. Vargo moves the court to stay "portions [of] the Declaratory Judgment . . . and suspend[] portions [of] the Permanent Injunction . . . pending appeal . . . ." (Docket 310 at p. 1) (referencing Dockets 303 & 304).  Specifically, Mr. Vargo asks the court to stay the portions of the declaratory judgment and suspend the portions of the permanent injunction which do not permit the defendants to consider imminent emotional damage or harm in emergency proceedings brought under 25 U.S.C. § 1922.  (Docket 311 at p. 2).  Mr. Vargo claims the court's decision "fails to protect Indian children from imminent emotional damage or harm."  Id. at pp. 2-3.

Mr. Vargo argues the court's decision to limit § 1922 emergency removal considerations to "imminent physical damage or harm" is at odds with the recently published Department of the Interior Executive Summary to its Final Rule located at    25 CFR § 23.  Id. at p. 4 (referencing 81 Fed. Reg. 38778 (June 14, 2016)).  He contends the Executive Summary "rejected the proposed definition of 'present or impending risk of serious bodily injury or death' because that definition excluded 'neglect and emotional or mental (psychological) harm.'" Id. at p. 5 (parentheses in original; emphasis omitted) (referencing 81 Fed. Reg. at 38794).  He claims "the statutory phrase 'imminent physical damage or harm' (the § 1922 emergency removal standard) 'focuses on the child's health, safety, and welfare' and that Congress intended the statutory phrase to include more than just 'bodily injury or    death.'" Id. (parentheses in original; emphasis omitted) (referencing 81 Fed. Reg. at 38794).

2

Mr. Vargo contends the Guidelines for Implementing the Indian Child Welfare Act issued by the Department of the Interior similarly intend that the "imminent physical damage or harm" provision of § 1922 includes situations where a "child is immediately threatened with harm" or where there is "an immediate threat to the safety of the child." Id. at p. 6 (emphasis omitted) (referencing Guidelines C.2 and C.3). Mr. Vargo also believes the Frequently Asked Questions section of the Final Rule Proceedings of June 17, 2016, extends § 1922 to include "any 'endangerment of the child's health, safety, and welfare, not just bodily injury or death.'" Id. at p. 7 (emphasis omitted) (referencing Frequently Asked Questions at p. 6). Based on this analysis, Mr. Vargo argues "[t]he § 1922 standard includes more than just physical injury and this Court's ruling that the standard is solely physical damage or physical harm is incorrect." Id. Mr. Vargo asserts that because this issue is "one of first impression . . . . [,] [t]he magnitude of this Court's ruling warrants a stay to preserve the status quo until the Eighth Circuit rules on this question of law." Id. at p. 8.

Mr. Vargo claims "[a]ll Defendants will suffer irreparable harm without a stay. . . . [and that] [p]rohibiting Defendants from protecting Indian children from imminent emotional harm when state law allows Defendants to protect non-Indian children from imminent emotional harm poses Equal Protection implications." Id. at p. 9 (referencing SDCL § 26-7A-18). He further asserts "Plaintiffs, as parents or custodians of Indian children, will not be substantially injured if their children are protected from imminent emotional harm pursuant to ICWA's emergency proceedings and protected from being returned to

environments where they may suffer imminent emotional harm during the pendency of this appeal." Id. at p. 10. Finally, Mr. Vargo argues "[t]he public interest heavily favors a stay. Returning Indian children to environments in which they may suffer imminent emotional harm is unsafe and Indian children will be irreparably harmed. There is a strong public interest [in] protecting children from such harm." Id. at p. 11. He concludes "[i]t is profoundly wrong to fail to protect Indian children from imminent emotional harm during emergency proceedings and the public's interest in protecting Indian children during the pendency of the appeal is great." Id.

In response, the plaintiffs argue "Federal courts do not (and cannot) issue injunctions unless necessary to prevent irreparable harm. . . . In most instances, then, it would be inherently inconsistent to grant an injunction and then stay its application." (Docket 331 at p. 1) (parentheses in original). Contrary to Mr. Vargo's argument, plaintiffs submit "the Court's ruling faithfully applied and enforced § 1922 of the Indian Child Welfare Act, which provides greater protection to Indian children in emergency custody proceedings than non-Indian children, not less protection." Id. at p. 3 (emphasis omitted). Plaintiffs argue "[§] 1922 was enacted in order to prevent" state social services caseworkers "from using their [own] personal perception of 'emotional harm' in deciding whether to remove Indian children from their homes on an emergency basis." Id. at pp. 3-4.

Plaintiffs contend Mr. Vargo "will not suffer irreparable harm absent a stay, either personally or in his official capacity. Even if he may be considered

4

to 'represent' the interests of Indian children in custody proceedings, this Court has specifically determined that the interests of Indian children are best served by the enforcement of § 1922 in the manner that Congress intended." Id. at p. 5.   Plaintiffs argue that they and the Indian families they represent will be harmed if a stay is granted: "Mr. Vargo has been injuring Indian families and Indian tribes for many years by his refusal to obey § 1922.  He should not be allowed to continue inflicting those injuries. . . . Congress has found that it is in the national interest to adopt and enforce the Indian Child Welfare Act.  Mr. Vargo has shown no reason why he should be allowed to continue his persistent violations of ICWA."[1]  Id. at p. 6.

In determining whether to grant a stay pending an appeal, the court considers the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  Hilton v. Braunskill, 481 U.S. 770, 776 (1987).  See also Reserve Mining Co. v. United States, 498 F.2d 1073, 1076-77 (8th Cir. 1974) (applying the same four factors to analyze a motion for stay of a preliminary injunction under Fed. R. Civ. P. 62 and Fed. R. App. P. 8).  "A stay is not a matter of right, even if irreparable injury might otherwise result. . . . It is instead

---

[1] The court informally invited Mr. Vargo and the other defendants to file reply briefs in support of the motion to stay on or before February 3, 2017, but the defendants chose not to do so.

an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case. . . . The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken v. Holder, 556 U.S. 418, 433-34 (2009) (internal citations, quotation marks and brackets omitted). For the reasons stated in the orders (Dockets 150, 217 and 301-303) resulting in the permanent injunction (Docket 304), the court makes the following findings.

First, Mr. Vargo and the other defendants are not likely to succeed on the merits of their appeal. Based on the well developed record, the court found the defendants were violating 25 U.S.C. § 1922 and they have shown no intent to change their conduct and fully comply with § 1922. See Dockets 150 at p. 44; 217 at pp. 20-21; 302 at pp. 7-17 & 21-24.

The court considered the Executive Summary to the 2016 ICWA regulations referenced by Mr. Vargo. See Docket 301 at pp. 5-6. That examination disclosed:

> During the comment period for updating the ICWA regulations this past year, "[m]any commenters opposed the proposed definition of 'imminent physical harm or damage' because they asserted . . . [t]he proposed definition is too narrow in omitting neglect and emotional or mental (psychological) harm and would preclude emergency measures to protect a child from these types of harms . . . ." The Executive Summary declined to incorporate emotional harm within the parameters of § 1922, stating "[t]he 'imminent physical damage or harm' standard applies only to emergency proceedings, which are not subject to the same procedural and substantive protections as other types of child-custody proceedings . . . ." The Executive Summary advised "Congress used the standard of 'imminent physical damage or harm' to guard against emergency removals where there is no imminent physical damage or harm. . . . ICWA

6

> requires that an emergency proceeding terminate immediately when the removal or placement is no longer necessary to prevent imminent physical damage or harm to the child."

Id. at p. 5 (referencing 81 Fed. Reg. at 38793-94 & 38817).  Mr. Vargo's present argument repeats the same position previously rejected by this court. (Docket 269 at p. 8).  Mr. Vargo's interpretation of the Executive Summary is inaccurate and is not an appropriate application of the Executive Summary to the issue before the court.

Second, neither Mr. Vargo nor the other defendants will suffer harm, either personally or professionally, absent a stay of the permanent injunction. As the court stated in its earlier decision:

> During an emergency proceeding involving the removal of an Indian child from the custody of an Indian parent or custodian and the subsequent determination of whether the child should be returned to the custody of the parent or custodian <u>without initiation of an abuse and neglect petition</u>, "the emergency removal or placement" must "terminate immediately when such removal or placement is no longer necessary to prevent imminent physical damage or harm to the child . . . ."  By contrast, <u>subsequent child-custody adjudication hearings</u> are bound by the language of § 1912, which states: "No foster care placement may be ordered in such proceeding in the absence of a determination, supported by clear and convincing evidence . . . that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child."

(Docket 301 at pp. 4 and 5 n.4) (emphasis added) (citing 25 U.S.C. § 1922 and § 1912) ("§ 1912 standard").  "The distinction between the § 1922 standard and the § 1912 standard was intentional."  (Docket 301 at p. 6).  "Congress intended § 1922 to be limited solely to 'imminent physical damage or harm' in

determining whether to initiate or terminate emergency proceedings." Id. at p. 7.

If Mr. Vargo believes an Indian child is suffering emotional damage or harm, he can initiate an abuse and neglect petition under South Dakota law as authorized by § 1912. In an abuse and neglect proceeding, continued custody of an Indian child by the Department of Social Services may occur if the child is subjected to "serious emotional or physical damage." 25 U.S.C. § 1912.

Third, the interests of the plaintiffs will continue to suffer harm through the actions of the defendants if a stay of the permanent injunction is granted.[2] It is undisputed that "in approximately seventy-five percent of Indian custody cases [conducted pursuant to § 1922], continued custody is sought based exclusively on emotional damage." (Docket 301 at p. 2) (references to the record omitted). Accepting Mr. Vargo's status quo argument would constitute an injustice for the hundreds of Indian parents, custodians and children who have been subjected to the defective Seventh Judicial Circuit 48-hour emergency hearing procedures these past six years and to those who would continue to suffer a violation of their rights if the court stays its injunction and order.

Fourth, the public interest lies in proper application of § 1922's emergency hearing and child removal procedures. Protection of every citizen's

---

[2] "Since January 2010, approximately one hundred 48-hour hearings involving Indian children are held each year in Pennington County." (Docket 302 at p. 5). "The undisputed testimony at the remedies hearing indicates this figure remained constant for 2015 and the 2016 figure will be approximately the same." Id. at p. 5 n.7.

constitutional and statutory rights is fundamental to protecting the public interest. This court will not stay or suspend its remedial order and injunction because it concluded that "Defendants' only consistent policy for handling the ICWA and Due Process Rights of Indian children, parents, custodians and tribes is defendants' violation of those rights." (Docket 302 at p. 7) (capitalization omitted).

After balancing all four factors, the court finds Mr. Vargo has not carried his burden to warrant a stay of the declaratory judgment order or the permanent injunction.

## ORDER

Accordingly, it is

ORDERED that defendant Mark Vargo's motion (Docket 310) and the joinder motions of the other defendants (Dockets 315 & 322) to stay portions of the declaratory judgment (Docket 303) and to suspend portions of the permanent injunction (Docket 304) are denied.

Dated February 9, 2017.

BY THE COURT:

JEFFREY L. VIKEN
CHIEF JUDGE