UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| OGLALA SIOUX TRIBE and ROSEBUD SIOUX TRIBE, as *parens patriae*, to protect the rights of their tribal members; MADONNA PAPPAN, and LISA YOUNG, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LISA FLEMING; MARK VARGO; HONORABLE CRAIG PFEIFLE; and LYNNE A. VALENTI, in their official capacities,<br><br>Defendants. | CIV. 13-5020-JLV<br><br>ORDER |

## INTRODUCTION

Plaintiffs filed two motions for summary judgment against Lisa Fleming and Lynne Valenti, in their official capacities ("DSS Defendants"), together with statements of undisputed material facts and two legal memoranda. (Dockets 290, 291 & 294-97). The first summary judgment motion seeks judgment against the DSS Defendants for their alleged "inadequate training and supervision" of their staff in the Department of Social Services Division of Child Protection Services Offices in Region 1, Pennington County, South Dakota ("inadequate training and supervision claim"). (Docket 290 at p. 1). The second motion for summary judgment seeks judgment against the DSS Defendants for their alleged "failure to ensure that placement of Indian children

end[s] when the reason for placement ends" ("failure to end placement claim"). (Docket 295).

The DSS Defendants filed an objection to plaintiffs' motions together with a supporting affidavit. (Dockets 313 & 314). Defendants' objection contends plaintiffs' present motions for summary judgment address claims not included in the complaint and are therefore not properly before the court. (Docket 313 at p. 12). Plaintiffs filed a response in opposition to the objection. (Docket 334). The DSS Defendants filed a reply brief in support of their objection. (Docket 335).

The DSS Defendants also filed extensive responses to both summary judgment motions, including responses to plaintiffs' statements of undisputed facts and two legal memoranda. (Dockets 316-19 & 326). Plaintiffs filed reply briefs in support of both motions. (Dockets 330 & 333).

For the reasons stated below, the DSS Defendants' objection (Docket 313) is granted.

**ANALYSIS**

The DSS Defendants argue plaintiffs' two motions for summary judgment are improperly before the court because they constitute additional "claims not set forth in [the] Complaint." (Docket 313 at p. 2). Defendants assert plaintiffs' motion for summary judgment on the inadequate training and supervision claim includes two grounds not included in the failure to train claim in the complaint, namely:

2

> [The DSS] Defendants have failed to adequately train their staff regarding how and when to return children to their homes; and
>
> [The DSS] Defendants have failed to adequately supervise their staff regarding how and when to return children to their homes.

Id. at p. 5. The DSS Defendants argue plaintiffs may not amend their complaint to incorporate these new claims through "a brief . . . advocating summary judgment." Id. at p. 9 (references omitted). "In order to have these claims considered for summary judgment," DSS Defendants submit "Plaintiffs should be required to seek to amend their [c]omplaint and include the allegations upon which they now seek summary judgment, as required by Rule 8(a)." Id. at p. 11.

Plaintiffs assert the "[c]omplaint already contains an express claim of inadequate training and supervision and therefore there is no need to add another one." Id. at p. 5 (emphasis omitted). Plaintiffs contend that only during discovery on their failure to train claim did they "learn[] for the first time that the DSS Defendants had a policy of retaining children even after the reason for placement given parents at the 48-hour hearing has ended." Id. at p. 8. Plaintiffs argue "[t]he only difference is that the new issue involves a situation that occurs shortly after the 48-hour hearing rather than at the 48-hour hearing. The two issues, however, raise the same claim: that parents are being denied notice of the reason for continued custody." Id. (emphasis omitted). "Because this claim is already in the [c]omplaint," plaintiffs submit "there is no need . . . to amend the [c]omplaint to add another one." Id.

The court previously resolved in plaintiffs' favor counts I and II of the complaint. (Dockets 150, 217, 301, 302, 303 & 304). Those claims asserted all of the "defendants' policies, practices and procedures relating to the removal of Native American children from their homes during state court 48-hour hearings violate [25 U.S.C. § 1922] and the Due Process Clause of the Fourteenth Amendment." (Docket 150 at p. 8). All defendants appealed the court's earlier rulings. (Dockets 309, 312 & 321).

The only remaining claim in plaintiffs' complaint requiring resolution is a failure to train claim. See Docket 1 ¶¶ 46, 48, 97 & 128. In an earlier order denying all of the defendants' motions to dismiss the complaint, the court addressed plaintiffs' failure to train claim. "The complaint . . . alleges DSS defendants failed to train their staff on how to seek and secure for Indian parents the federal rights to which those parents are entitled and, as a result, Indian parents suffer irreparable injury." (Docket 69 at p. 23) (referencing Docket 1 at ¶¶ 46 & 48). "Because [the DSS Defendants] . . . . [do not] appear at the 48-hour proceedings personally, the claims made by plaintiffs relate to a 'failure to train' other DSS employees whom they supervise. To survive a motion to dismiss on a 'failure to train' claim, plaintiffs must show (1) the policymaker's training practices were inadequate, (2) the policymaker was deliberately indifferent to the rights of the plaintiffs, and (3) the training deficiencies cause constitutional deprivation." Id. (internal citation omitted). "Specifically, plaintiffs allege DSS defendants contribute to the plaintiffs' injuries by failing to provide a copy of the

4

petition and ICWA affidavit to Indian parents prior to the 48-hour hearing, by adopting the unconstitutional practices of the circuit court during 48-hour hearings, by failing to ensure Indian parents receive an adequate post-deprivation hearing, and by failing to properly work with Indian parents following the 48-hour hearings." Id. at p. 24. On this basis, the court found plaintiffs stated a viable failure to train claim and denied the DSS defendants' motions to dismiss. Id. at p. 43.

Plaintiffs acknowledge the March 30, 2015, order (Docket 150) "resolved all of Plaintiffs' claims except one, which is: Have [the DSS Defendants] adequately trained their staff to comply with Section 1922 of the Indian Child Welfare Act, 25 U.S.C. § 1901 et seq.?" (Docket 159 at pp. 1-2). It is apparent plaintiffs now want to expand the failure to train claim to include additional allegations the DSS Defendants failed to supervise their personnel for activities occurring after completion of the 48-hour hearing and the DSS Defendants failed to end placement when the reasons for placement no longer exist.

Under Rule 8(a)(2), a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this Rule is to give the defendants fair notice of plaintiffs' claims and the grounds upon which those claims rest. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Ultimately, the purpose of the rule is to see "that all pleadings shall be so construed as to do

5

substantial justice." Id. (citing Fed. R. Civ. P. 8(f); internal quotation marks and brackets omitted).

Plaintiffs may not "raise a new cause of action on a motion for summary judgment." Plucker v. United Fire & Casualty Co., No. CIV. 12-4075, 2015 WL 5697334, at *6 (D.S.D. Sept. 28, 2015) (referencing Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004)). See also McFarlane-Hammond v. Premium Capital Funding, LLC, No. 11-cv-01927, 2012 WL 6652920, at *7 (D. Minn. Dec. 21, 2012) ("Although courts allow a liberal pleading standard for civil complaints, this standard 'does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage.' ") (citing Gilmour, 382 F.3d at 1314-15); Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 617 (4th Cir. 2009) ("We have previously held, along with the Fifth, Sixth, Seventh, and Eleventh Circuits, that a plaintiff may not raise new claims after discovery has begun without amending his complaint.") (collecting cases).

Plaintiffs' complaint includes a claim for inadequate training and supervision of DSS personnel allegedly occurring before the completion of the 48-hour hearing. (Docket 1 ¶¶ 113-120). Count III also includes allegations DSS personnel are inadequately trained to work with Native American families after completion of their 48-hour hearing. Id. ¶¶ 121-129.

Plaintiffs' summary judgment motions detail alleged failures to promulgate supervision policies and deadlines to assure DSS compliance with ICWA requirements. Though plaintiffs assert their DSS inadequate staffing evidence

is not a free-standing claim, the court's order on summary judgment could not avoid analysis of this issue despite plaintiffs' failure to plead it in the complaint. When additional claims develop through the discovery process, those previously unknown claims must be asserted in an amended complaint. United States v. Vorachek, 563 F.2d 884, 886 (8th Cir. 1977) (internal citation omitted); see also Fed. R. Civ. P. 15 (a) and (d).

Applying the Rule 8 standard, plaintiffs' complaint does not give the DSS Defendants fair notice of the new and expanded bases of plaintiffs' inadequate training and supervision claim after 48-hour hearings are concluded or for plaintiffs' failure to end placement claim. Plucker, supra; and McFarlane-Hammond, supra. Those new claims may only be asserted if plaintiffs amend their complaint under Fed. R. Civ. P. 15. The present motions for summary judgment are denied without prejudice.

## ORDER

Based on the above analysis, it is

ORDERED that the DSS Defendants' objection (Docket 313) is granted.

IT IS FURTHER ORDERED that plaintiffs' motions for summary judgment (Dockets 290 & 295) are denied without prejudice.

Dated September 29, 2017.

BY THE COURT:

JEFFREY L. VIKEN
CHIEF JUDGE