UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| OGLALA SIOUX TRIBE and ROSEBUD SIOUX TRIBE, as *parens patriae,* to protect the rights of their tribal members; and MADONNA PAPPAN, and LISA YOUNG, individually and on behalf of all other persons similarly situated, | ) ) ) ) ) ) ) | Case No.: 13-5020 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| LISA FLEMING; MARK VARGO; HONORABLE CRAIG PFEIFLE; and LYNNE A. VALENTI, in their official capacities. | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS FLEMING AND VALENTI'S MOTION TO DISMISS

**COME NOW**, Defendants Lisa Fleming, Regional Manager for the South Dakota Department of Social Services Division of Child Protection Services offices in Region 1, Pennington County, Rapid City, South Dakota, and Lynne A. Valenti, Secretary of the South Dakota Department of Social Services, by and through their attorney, Robert L. Morris, of Morris Law Firm, Prof. LLC, P.O. Box 370, Belle Fourche, South Dakota 57717-0370, and submit this Memorandum of Law in Support of Defendant Fleming and Valenti's Motion to Dismiss as to Counts IV and V of Plaintiffs' Amended Complaint.

Memorandum of Law in Support of Defendants
Fleming and Valenti's Motion to Dismiss
Federal Court Civ. 13-5020
Page **1** of **11**

A.  **Counts IV & V of the Amended Complaint and Plaintiffs' Prayer for Relief.**

    1.  **Counts IV & V.**

Count IV of the Amended Complaint is titled "Failure to Train and Supervise DSS Staff."

[Doc. 353, ¶130, pg. 39]. Count IV alleges:

> The DSS Defendants have a policy and practice, as evidenced by the facts in the record, of failing to adequately train and supervise their staff to ensure that Indian children placed into DSS custody are returned to their families "immediately [unless continued custody is] necessary to prevent imminent physical damage or harm to the child." *See* 25 U.S.C. § 1922. These failures, which involve actions taken by DSS staff during and after 48-hour hearings, cause plaintiffs to suffer irreparable injury and violate rights secured to plaintiffs by the Due Process Clause of the Fourteenth Amendment and by the Indian Child Welfare Act ("ICWA"). Relief is sought pursuant to 42 U.S.C. § 1983.

[Doc. 353, ¶130, pg. 39].

Count V is titled "Failure to End Placement When the Reasons for Placement Have Ended." [Doc. 353, ¶131, pg. 40]. Count V alleges:

> The DSS Defendants have a policy and practice, as evidenced by the facts in the record, of failing to end the out-of-home placement of Indian children when the reasons given at the 48-hour hearing for such placement have ended, thereby violating rights secured to plaintiffs by the Due Process Clause of the Fourteenth Amendment and by ICWA and causing plaintiffs to suffer irreparable injury. Relief is sought pursuant to 42 U.S.C. § 1983.

[Doc. 353, ¶131, pg. 40].

    2.  **Prayer for Relief Regarding Counts IV & V.**

In the Plaintiffs' prayer for relief as to Counts IV & V, they request the Court to:

> *Issue a declaratory judgment* pursuant to 28 U.S.C. §§ 2201 and 2202 that declares as a matter of law that . . . (d) DSS Defendants' policy and practice of failing to adequately train and supervise their staff as set forth in paragraph 130 above violates the Due Process Clause and ICWA; and (e) DSS Defendants' policy and practice of failing to end the out-of-home placement of Indian children

Memorandum of Law in Support of Defendants
Fleming and Valenti's Motion to Dismiss
Federal Court Civ. 13-5020
Page **2** of **11**

> when the reasons given at the 48-hour hearing for such placement have ended violates the Due Process Clause and ICWA. [Emphasis supplied].

[Doc. 353, #3, pg. 40-41].

> *Issue . . . permanent injunctive relief* pursuant to F.R.Civ.P. Rule 65, *enjoining the Defendants . . .* (d) *with respect to the DSS Defendants*, from failing or refusing to adequately train and supervise their staff as set forth in paragraph 130 above; and (e) with respect to the DSS Defendants, from failing or refusing to end the out-of-home placement of Indian children when the reasons given at the 48-hour hearing for such placement have ended. [Emphasis supplied].

[Doc. 353, #4, pg. 41].

**B.**    ***Younger* Abstention Applies to Counts IV & V Against Ms. Fleming & Secretary Valenti.**

    **1.**    **The Relief Sought by Plaintiffs.**

The Plaintiffs seek a declaration, in the form of a declaratory judgment, from the Court that Ms. Fleming and Secretary Valenti violate Plaintiffs' due process rights and ICWA in two respects:

> (1) That Ms. Fleming and Secretary Valenti allegedly have a policy and practice "of failing to adequately train and supervise their staff to ensure that Indian children placed into DSS custody are returned to their families "immediately [unless continued custody is] necessary to prevent imminent physical damage or harm to the child." *See* 25 U.S.C. § 1922[1]" and

> (2) That Ms. Fleming and Secretary Valenti allegedly have a policy and practice of "failing to end the out-of-home placement of Indian children when the reasons given at the 48-hour hearing for such placement have ended."

Based upon that declaratory judgment, Plaintiffs seek permanent prospective injunctive relief enjoining Ms. Fleming and Secretary Valenti:

---

[1] The Court issued an Order [Doc. 301] on December 15, 2016 regarding the interpretation and application of 25 U.S.C. § 1922. We understand that with the Eighth Circuit's decision in *Oglala Sioux Tribe v. Fleming*, 904 F.3d 603 (8th Cir. 2018), that the Court should have abstained from exercising jurisdiction under *Younger*, this Order will be vacated. As such, the South Dakota courts will have jurisdiction regarding the interpretation and application of 25 U.S.C. § 1922 and DSS employees will be trained accordingly.

Memorandum of Law in Support of Defendants
Fleming and Valenti's Motion to Dismiss
Federal Court Civ. 13-5020
Page **3** of **11**

(1) [F]rom failing to adequately train and supervise their staff [to ensure that Indian children placed into DSS custody are returned to their families "immediately [unless continued custody is] necessary to prevent imminent physical damage or harm to the child." *See* 25 U.S.C. § 1922"] and

(2) [F]rom failing to end the out-of-home placement of Indian children when the reasons given at the 48-hour hearing for such placement have ended.

## 2. The Factors That Lead to *Younger* Abstention.

Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism. The motivating force behind *Younger* abstention is the promotion of comity between state and federal judicial bodies. *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). In *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982), the Supreme Court identified several factors that should lead to abstention under *Younger*: (1) the existence of an ongoing state judicial proceeding, (2) which implicates important state interests, and (3) which provides an adequate opportunity to raise constitutional challenges. *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004).

## 3. The Existence of Ongoing State Judicial Proceedings.

The Eighth Circuit recognized that this Court acknowledged that "48-hour hearings involving Indian children will continue to occur during the pendency of this litigation" and agreed. *Oglala Sioux Tribe v. Fleming*, 904 F.3d 603, 610 (8th Cir. 2018). The Eighth Circuit went on to address the *Younger* doctrine and its application involving a pending state proceeding of a certain type. *Oglala Sioux Tribe,* 904 F.3d at 610. The Eighth Circuit noted that in *Moore v. Sims*, 442 U.S. 415, 423 (1979), the U.S. Supreme Court "held that a federal court should have

Memorandum of Law in Support of Defendants
Fleming and Valenti's Motion to Dismiss
Federal Court Civ. 13-5020
Page **4** of **11**

abstained from intervening in a state-initiated proceeding to gain custody of children allegedly abused by their parents." The Eighth Circuit saw no meaningful distinction between the custody proceedings in *Moore* and the temporary custody proceedings in South Dakota. As a result, the Eighth Circuit concluded that "South Dakota's temporary custody proceedings are civil enforcement proceedings to which *Younger* principles apply." *Oglala Sioux Tribe,* 904 F.3d at 610.

The Eighth Circuit also responded to the Plaintiffs' argument that they sought only prospective relief and the federal proceeding would not interfere with a pending state proceeding. *Oglala Sioux Tribe,* 904 F.3d at 610. Noting that the Plaintiffs "do not dispute that some Indian children were in temporary custody and under the continuing jurisdiction of the circuit court while this federal case was pending," the Eighth Circuit concluded "even if a 48-hour hearing were not in session, temporary custody proceedings would be 'ongoing' and the proposed relief would interfere with the ongoing proceedings." *Oglala Sioux Tribe,* 904 F.3d at 610-611. Temporary custody proceedings are ongoing in Pennington County and have been since this suit was filed, during the pendency of the Eighth Circuit appeal, and while the parties have been litigating Counts IV and V of the Amended Complaint. Plaintiffs seek declaratory and permanent injunctive relief.

Under Count IV, the Plaintiffs seek an Order enjoining Ms. Fleming and Secretary Valenti "[F]rom failing to adequately train and supervise their staff [to ensure that Indian children placed into DSS custody are returned to their families "immediately [unless continued custody is] necessary to prevent imminent physical damage or harm to the child." *See* 25 U.S.C. § 1922"]." The essence of Count IV is that Plaintiffs wish to have this Court control the training

Memorandum of Law in Support of Defendants
Fleming and Valenti's Motion to Dismiss
Federal Court Civ. 13-5020
Page **5** of **11**

and supervision of DSS employees when they assess and report to the Circuit Court Judge the facts which show that Indian children are exposed to "imminent physical damage or harm." Those facts and other information, is then assessed by the Circuit Court Judge who makes the ultimate determination whether temporary emergency custody should continue because the Indian child is exposed to "imminent physical damage or harm" if returned to the child's parent or caretaker.

Under Count V, the Plaintiffs seek an Order enjoining Ms. Fleming and Secretary Valenti "[F]rom failing to end the out-of-home placement of Indian children when the reasons given at the 48-hour hearing for such placement have ended." The essence of Count V appears to be that the Plaintiffs wish to have emergency custody end when the particular facts to support "imminent physical damage or harm to the child" reported at the 48-hour hearing allegedly no longer exist or allegedly are resolved. This assertion ignores that DSS employees are continually assessing the family and that they may discover additional facts during the pendency of the emergency custody process assessment that also show the child is exposed to "imminent physical damage or harm" if custody is returned to the child's parent or caretaker. These facts would ultimately be provided to the Circuit Court Judge.[2]

---

[2] The ICWA guidelines provide that the State court must, "At any court hearing during the emergency proceeding, determine whether the emergency removal or placement is no longer necessary to prevent imminent physical damage or harm to the child." 25 CFR §23.113(b)(3). The ICWA guidelines further provide, "An emergency proceeding regarding an Indian child should not be continued for more than 30 days unless the court makes the following determinations: (1) Restoring the child to the parent or Indian custodian would subject the child to imminent physical damage or harm; (2) The court has been unable to transfer the proceeding to the jurisdiction of the appropriate Indian Tribe; and (3) It has not been possible to initiate a "child-custody proceeding" as defined in § 23.2. 25 CFR §23.113(e).

Memorandum of Law in Support of Defendants
Fleming and Valenti's Motion to Dismiss
Federal Court Civ. 13-5020
Page **6** of **11**

As in *Oglala Sioux Tribe,* the Plaintiffs, in pursuing Counts IV and V, seek an order that dictates a host of requirements pertaining to ongoing proceedings. A federal court order directing what training DSS must use regarding 25 U.S.C. § 1922 in state proceedings and a federal court order directing when to end out-of-home placement of Indian children in state proceedings, when the reasons given at the 48-hour hearing for such placement have allegedly ended, would "interfere" with the state proceedings by inhibiting "the legitimate functioning of the individual state judicial system." *Oglala Sioux Tribe v. Fleming*, 904 F.3d 603, 611 (8th Cir. 2018). Moreover, the Eighth Circuit recognized that a federal court order in the form of a permanent injunction for prospective relief would be akin to an ongoing audit of the state's proceedings involving alleged abused and neglect children which would indirectly accomplish the kind of interference that *Younger* and related cases sought to prevent. *Oglala Sioux Tribe,* 904 F.3d at 611-612. And furthermore, an injunction of the type sought by the Plaintiffs "would disrupt the normal course of proceedings in state courts via resort to the federal suit for a determination of the claim ab initio" just as would a request for injunctive relief from ongoing state proceedings. *Oglala Sioux Tribe,* 904 F.3d at 612 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 501 (1974)).

  **4.**  **Important State Interests Are Implicated.**

As to this factor, there should be no dispute. Family relations are a traditional area of state concern. *Moore v. Sims*, 442 U.S. 415, 435 (1979). The South Dakota Supreme Court has recognized:

> The State, as parens patriae must take a strong interest in the welfare of every child within its parameters. It must be remembered that children are not merely chattels; they have rights as sacred and secure in the law as those of their parents.

Memorandum of Law in Support of Defendants
Fleming and Valenti's Motion to Dismiss
Federal Court Civ. 13-5020
Page **7** of **11**

>The mere fact of parentage does not give one a license to abuse children either by omission or commission.

*Matter of L.M.T.*, 305 N.W.2d 399, 402-403 (SD 1981).

Parents have a liberty interest "in the care, custody, and management of their children." *Manzano v. S.D. Dep't of Soc. Servs.,* 60 F.3d 505, 509 (8th Cir. 1995). Parents and children have a constitutionally protected liberty interest in the care and companionship of each other. *Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997). The Eighth Circuit has noted however, "the liberty interest in familial relations is limited by the compelling governmental interest in the protection of minor children, particularly in circumstances where the protection is considered necessary as against the parents themselves." *Manzano v. S.D. Dep't of Soc. Servs.,* 60 F.3d 505, 510 (8th Cir. 1995). In cases in which continued parental custody poses an imminent threat to the child's health or welfare, emergency removal of children without a court order is constitutionally permitted. *K.D. v. County of Crow Wing*, 434 F.3d 1051, 1056 (8th Cir. 2006).

### 5. Adequate Opportunity to Raise Constitutional Challenges.

Both Count IV and Count V of Plaintiffs' Amended Complaint are based upon allegations of federal claims – violation of Due Process under the Fourteenth Amendment and violations of the Indian Child Welfare Act (ICWA), 25 U.S.C. §1901 et. seq. Abstention is not precluded as to Count IV and Count V as long as the Plaintiffs have an opportunity to litigate their claims in the South Dakota courts. *Oglala Sioux Tribe v. Fleming,* 904 F.3d 603, 613 (8th Cir. 2018). In other words, can the Plaintiffs litigate their alleged due process claims and alleged ICWA violations in state court? The Eighth Circuit's analysis and holding in *Oglala*

Memorandum of Law in Support of Defendants
Fleming and Valenti's Motion to Dismiss
Federal Court Civ. 13-5020
Page **8** of **11**

*Sioux Tribe v. Fleming*, 904 F.3d 603 (8th Cir. 2018) answers this question clearly in the affirmative.

The Plaintiffs cannot establish that South Dakota courts are unwilling or unable to adjudicate the federal claims of alleged deprivation of due process and alleged violation of ICWA. *Oglala Sioux Tribe,* 904 F.3d at 613. State courts are competent to adjudicate federal constitutional claims. *Oglala Sioux Tribe,* 904 F.3d at 613; *Moore v. Sims*, 442 U.S. 415, 430 (1979). In fact, the U.S. Supreme Court is "unwilling to conclude that state processes are unequal to the task of accommodating the various interests and deciding the constitutional questions that may arise in child-welfare litigation." *Moore*, 442 U.S. at 435.

There is no indication that Plaintiffs have presented or attempted to present their federal claims in the state court proceedings. As such, the Court can assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary. *Oglala Sioux Tribe v. Fleming*, 904 F.3d 603, 613 (8th Cir. 2018); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). On this point, the Eighth Circuit observes there is unambiguous authority that South Dakota state courts indeed have procedures in place that do afford the Plaintiffs an adequate remedy.

The Eighth Circuit shares that in this very context, South Dakota courts adjudicated federal claims in *Cheyenne River Sioux Tribe v. Davis*, 2012 S.D. 69, 822 N.W.2d 62, wherein the South Dakota Supreme Court resolved a petition for mandamus that sought an order compelling a South Dakota Circuit Judge to apply procedural rights guaranteed by the ICWA at temporary custody hearings. The Court noted that the availability of mandamus relief is

Memorandum of Law in Support of Defendants
Fleming and Valenti's Motion to Dismiss
Federal Court Civ. 13-5020
Page **9** of **11**

sufficient to show that state proceedings provide an adequate opportunity to litigate federal claims. *Oglala Sioux Tribe v. Fleming*, 904 F.3d 603, 613 (8th Cir. 2018).

The Eighth Circuit observed and recognized that the Seventh Judicial Circuit is a court of general jurisdiction. As such, Indian parents or Tribes can raise their federal claims in temporary custody proceedings. The Court also recognized that South Dakota law provides a right of appeal at the conclusion of abuse and neglect proceedings, or after certain intermediate orders. See SDCL §§ 26-7A-30, 26-7A-86, 26-7A-87, 26-7A-90. *Oglala Sioux Tribe v. Fleming*, 904 F.3d 603, 613 (8th Cir. 2018). And lastly, the South Dakota Supreme Court has the discretion to "determine a moot question of public importance" if it decides that "the value of its determination as a precedent is sufficient to overcome the rule against considering moot questions." *Oglala Sioux Tribe,* 904 F.3d at 613; *Larson v. Krebs*, 2017 S.D. 39, ¶ 16, 898 N.W.2d 10, 16-17 (quoting *Cummings v. Mickelson*, 495 N.W.2d 493, 496 (S.D. 1993)).

**C.     Conclusion.**

Counts IV & V of the Plaintiffs' Amended Complaint seek remedies for alleged due process violations and alleged ICWA violations by way of a declaratory judgment and permanent injunction for prospective relief. If such alleged federal claims are viable, they can be litigated in South Dakota courts.

It is respectfully requested that the Court abstain from exercising jurisdiction under principles of federal-state comity articulated in *Younger v. Harris*, 401 U.S. 37 (1971) and *Oglala Sioux Tribe v. Fleming*, 904 F.3d 603, 613 (8th Cir. 2018), and that the Amended Complaint, to include Counts IV and IV, be dismissed.

Memorandum of Law in Support of Defendants
Fleming and Valenti's Motion to Dismiss
Federal Court Civ. 13-5020
Page **10** of 11

Dated this 22nd day of October, 2018.

           **MORRIS LAW FIRM, PROF. LLC**
           *Attorneys for Lisa Fleming and*
           *Lynne A. Valenti*

By:  /s/ *Robert L. Morris*
    Robert L. Morris
    704 7th Avenue, STE 202
    P.O. Box 370
    Belle Fourche, SD 57717-0370
    Phone: (605)723-7777
    bobmorris@westriverlaw.com
    *Special Assistant Attorney General*

Memorandum of Law in Support of Defendants
Fleming and Valenti's Motion to Dismiss
Federal Court Civ. 13-5020
Page **11** of **11**